Middleton,. J.,
dissenting. I regret my inability to agree with the majority decision. The only right to recovery for wrongful death in Ohio is that created by Section 10509-166, General Code. That section reads in part:
“When the death of a person is caused by wrongful act, neglect or default such as would have entitled the party injured to maintain an action and recover damages in respect thereof, if death had not ensued, the corporation which, or the person who would have been liable if death had not ensued, * * * shall be liable *223 to an action for damages, notwithstanding the death of the person injured * *
This statute makes no provision for recovery for mere acceleration of death. The prerequisite of recovery is plainly stated, to wit, “when the death of a person is caused by a wrongful act.”
In the instant case two interrogatories were submitted to the jury and both were answered unequivocally. Those interrogatories and the answers were:
“Did the accident on September 27, 1944, wherein plaintiff’s decedent, Michael Larrissey, was injured about the calf of his left leg, as shown by the evidence in this case, directly cause his death, which occurred on November 15, 1944?” The answer to this interrogatory was “No.”
“Was the decedent Michael Larrissey’s death directly and proximately accelerated by reason of his injury of September 27, 1944?” The answer to this question was “Yes.”
It thus appears that the jury decided clearly and emphatically that the alleged wrongful act did not cause the death. Putting it another way, the jury clearly decided that the death was not caused by wrongful act.
The equally clear answer of the jury that the death was accelerated by the injury does not satisfy the requirements of Section 10509-166, General Code. Whatever may be the decisions of the courts of other states as to the right of recovery for acceleration of death, the General Assembly of Ohio has not provided such right of recovery. If this court permits such recovery it will be making an important legislative change in the wording of Section 10509-166, General Code.
There is in my judgment another entirely distinct reason why the judgment of the lower courts should *224 not be affirmed. Even if, which I do not concede, recovery could be had for mere acceleration of death, there was nevertheless prejudicial error in the charge to the jury which would require reversal. The record reveals that the decedent was survived by his wife, Lillie Larrissey, who was the plaintiff in this case, ánd by four children, ages 37, 34, 26 and 19, respectively. All but the youngest were married. A careful study of the transcript reveals that there was no evidence that the decedent supported or contributed to the support of any one of the four children or that any one of them in any way received pecuniary help from him. There is not the slightest evidence that any one of the four children suffered pecuniary loss by reason of decedent’s death. It is interesting to note that the trial judge in his charge said: “The evidence here shows that none of the children received any support or were dependent upon the father.”
It is well settled in Ohio that nothing other than pecuniary loss can be recovered as damages for wrongful death. There can be no recovery for bereavement, mental suffering or as a solace on account of the death. It is also settled general law that there is no presumption of pecuniary loss to an adult child from the death of a parent and that the expectation or right of inheritance is not a proper element in determining damages under the wrongful death act. Citation of supporting authorities is unnecessary.
The four paragraphs of the charge to the jury which I consider prejudicial read:
“* * * The jury may give such damages as it may think proportionate to the pecuniary injury resulting from such death, to the persons respectively for whose benefit the action is brought.
“Now, ladies and gentlemen of the jury, the plaintiff claims damages for pecuniary loss that she suf *225 fered and which her children have suffered. The evidence here shows that none of the children received any support or were dependent upon the father; yet you may consider their relationship in determining what damages may be given for the pecuniary loss, if any you, find them to have lost.
“However, if you come to the conclusion that plaintiff has made her case by a preponderance of the evidence as I have given to you, you will consider the amount to be given as a verdict, and in that connection you will take the relationship in the manner 1 have stated to you. And if you find for the plaintiff you will sign this verdict: ’’
“ * * * You must consider this case as between two men, two corporations, or between a corporation suing a man, or a man suing a corporation. They are equal before the law, regardless of her widowhood. That has nothing to do with this case. You must be fair to both parties. And if you find she was pecuniarily hurt by his death, and if the children were pecuniarily hurt by Larrissey’s death, you will fix the amount, which shall be compensation only. In that connection consider his condition and all of the evidence relating thereto. * * *” (Emphasis supplied.)
This charge necessarily gave the jury a wholly erroneous understanding of pecuniary loss and would certainly justify the jury in believing that it could consider the relationship existing between the decedent and his children and on that ground alone allow them money damages on account of his death, even though the record was devoid of evidence on which any such verdict could be rendered.
It is my belief that the judgment should be reversed and final judgment rendered in favor of the defendant for the reasons hereinabove stated. If, however, recovery can be had for mere acceleration of death, *226 which I do not believe to be the law,, the judgment should still be reversed and the cause remanded for new trial because of the serious prejudicial error in the charge hereinabove pointed out.